I. L. Neal and Others *v.* J. L. Basket, etc.

**Wills—Sufficiency of Instrument.**

A paper held to be the last will and testament of the purported testator.

APPEAL FROM SHELBY CIRCUIT COURT.

February 28, 1873.

Opinion by Judge Pryor:

The evidence in the case leaves no room to doubt the mental capacity of the devisor at the time and prior to the execution of the paper in controversy to make a valid and judicious disposition of his estate.

The contestants of the will or some of them at least, have no right to question his general capacity to control and manage his business affairs, as the devisor, previous to his departure from the county of his residence (Shelby) for the state of Texas, had executed a paper purporting to be his last will, written by I. L. Neal, one of the beneficiaries therein, and now a contestant of the will admitted to probate.

There is no doubt but what the devisor's brother, W. F. Neal, whilst the former was at the house of the latter in Texas, contributed

to some extent to originate the hostility that James (the devisor) seems at that time to have entertained towards his brother, I. L. Neal.

This, however, could not have been done with a view of obtaining from James his estate, as the latter was then a vigorous and healthy young man, with a prospect of living as long as any of his brothers, and W. F. Neal could not then have well anticipated the unfortunate difficulty that resulted in the death of his brother.

At the time the paper was executed those who speak of the capacity of the testator have no doubt on that subject. The lawyer writing the will swears that it was dictated by the devisor himself, and there is proof showing that he contemplated its execution some days previous to the time it was written.

The evidence fails to disclose any influence attempted to be exercised over the young man by his brother in procuring its execution and the result of the interviews between the two in regard to their relatives in Kentucky is arrived at more from conjecture than any facts shown in the cause.

There is nothing unnatural or unreasonable in the manner of this testamentary disposition of James Neal's estate. His brother William seems to have been more needy than any of his other relatives and his marked affection for his niece prompted him to make her one of the objects of his bounty. The county judge, as well as the jury, all living in the same county where these parties were long known, have pronounced in favor of the validity of the paper and this strengthens the view taken of the case by the court based upon the testimony alone that the paper in controversy is the last will and testament of James D. Neal.

Judgment *affirmed.*

*Middleton, Bullock,* for appellants.

*Harwood,* for appellees.